**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| MERCK SHARP & DOHME, LLC, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br> *Defendant-Appellant.* | No. 23-1013 |

## JOINT MOTION TO STAY APPEAL

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Rule 27, Merck Sharp & Dohme, LLC, and Mylan Pharmaceuticals Inc. jointly request a sixty-day stay of the above-captioned appeal. The parties have reached a settlement in the above-captioned case, the terms of which envision an amendment to the district court's final judgment. The requested stay will enable the parties to complete the proceedings necessary to obtain entry of an amended final judgment.

This appeal arises from a district court decision following a bench trial in the U.S. District Court for the Northern District of West Virginia. *See Merck Sharp & Dohme LLC v. Mylan Pharmaceuticals Inc.*, No. 1:19-cv-101 (N.D.W. Va.). The district court entered judgment for Merck, finding Mylan liable for infringing the patents-in-suit and rejecting Mylan's patent-validity challenges. Mylan filed its opening appellate brief on January 19, 2023. On February 13, 2023, this Court granted Merck until May 1, 2023, to file its response brief.

This Court has "inherent power" to "stay proceedings," *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988), including when a stay would promote "judicial economy," *Bayer AG v. Housey Pharms., Inc.*, 140 F. App'x 948 (Fed. Cir. 2005).     Encouraging parties "to agree to settlements" and upholding those settlements "foster[s] judicial economy." *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1369 (Fed. Cir. 2001).  The Practice Notes to this Court's Local Circuit Rule 26 thus recognize that extensions of time "will be granted" when the parties stipulate they are necessary "to accomplish settlement." Fed. Cir. R. 26 Practice Note.

The parties believe that a sixty-day stay will promote judicial economy by enabling them to effectuate their settlement and resolve this appeal.  Entry of the amended judgment envisioned by the parties' settlement requires the following steps.  First, the parties will move the district court under Federal Rule of Civil Procedure 62.1 for an indicative ruling announcing its intent to amend the final judgment.  Second, if the district court enters the requested indicative ruling, the parties will jointly move this Court under Federal Rule of Appellate Procedure 12.1 for a limited remand to permit entry of the amended judgment.  Following limited remand and entry of the amended judgment, the parties will stipulate to voluntary dismissal of this appeal.

The parties believe they can accomplish these steps within sixty days, and therefore request a stay through May 15, 2022.  If the steps described above require

additional time to complete, the parties will seek a further stay no later than seven days before the expiration of the stay requested in this motion.

Accordingly, the parties jointly request a stay of this appeal to enable them to accomplish their settlement and promptly resolve this appeal.

March 16, 2023                                        Respectfully submitted,

/s/ Deepro R. Mukerjee                              /s/ Jeffrey A. Lamken (with permission)
Deepro R. Mukerjee                                  Jeffrey A. Lamken
  *Counsel of Record*                                 *Counsel of Record*
KATTEN MUCHIN ROSENMAN LLP                          MOLOLAMKEN LLP
50 Rockefeller Plaza                                The Watergate, Suite 500
New York, NY  10020                                 600 New Hampshire Avenue, N.W.
(212) 940-6330 (telephone)                          Washington, D.C.  20037
deepro.mukerjee@katten.com                          (202) 556-2000 (telephone)
                                                    (202) 556-2001 (facsimile)
*Counsel for Mylan Pharmaceuticals*                 jlamken@mololamken.com
*Inc.*
                                                    *Counsel for Merck Sharp & Dohme,*
                                                    *LLC*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2). According to the word-processing system used to prepare it, the motion contains 454 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2).

/s/ Deepro R. Mukerjee

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2023-1013 |
| **Short Case Caption** | Merck Sharp & Dohme, LLC v. Mylan Pharmaceuticals Inc. |
| **Filing Party/Entity** | Mylan Pharmaceuticals Inc. |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/16/2023

Signature: /s/ Deepro R. Mukerjee

Name: Deepro R. Mukerjee

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Mylan Pharmaceuticals Inc. | | Mylan, Inc.; Viatris Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| Brian J. Sodikoff<br>(Katten Muchin Rosenman) | Alissa M. Pacchioli<br>(Katten Muchin Rosenman) | William J O'Brien<br>(Steptoe & Johnson PLLC) |
| Jillian M. Schurr<br>(Katten Muchin Rosenman) | Joseph M. Janusz<br>(Katten Muchin Rosenman) | |
| Matthew M. Holub<br>(Katten Muchin Rosenman) | Gordon H. Copland<br>(Steptoe & Johnson PLLC) | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| Mylan Pharms. Inc. v. Merck Sharp & Dohme Corp., CAFC No. 2021-2121 | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1013 |
| **Short Case Caption** | Merck Sharp & Dohme, LLC v. Mylan Pharmaceuticals Inc. |
| **Filing Party/Entity** | Merck Sharp & Dohme, LLC |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/16/2023

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Merck Sharp & Dohme, LLC | | Merck & Co., Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☑ Additional pages attached

| | | |
|---|---|---|
| Williams & Connolly LLP | Alexander S. Zolan | Jingyuan Luo |
| Sarahi Uribe | Vanessa Omoroghomwan | Elise M. Baumgarten |
| Jessamyn S. Berniker | Jihad Komis | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| In re Sitagliptin Phosphate ('708 & '921) Patent Litigation, MDL No. 19-2902-RGA (D. Del.) | | |
| Mylan Pharmaceuticals Inc. v. Merck Sharp & Dohme Corp., No. 21-2121 (Fed. Cir.) | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## <u>CERTIFICATE OF INTEREST – ADDENDUM</u>

**4.  Legal Representatives.**   List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

Schrader Companion Duff & Law, PLLC

      Frank X. Duff

      James F. Companion

      Sandra K. Law

Carey, Douglas, Kessler & Ruby, PLLC

      Michael W. Carey

      Steven R. Ruby